UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIM. NO. 3:19CR213(KAD) |
| v. | |
| LLERALD CARRASQUILLO | January 7, 2020 |

GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING

The United States respectfully submits this memorandum for the sentencing of the defendant Llerald Carrasquillo, which is scheduled for January 21, 2020.

I.   INTRODUCTION AND BACKGROUND

On October 29, 2019, the defendant pled guilty to one count of possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

II.   FACTS AND CIRCUMSTANCES OF DEFENDANTS' CONDUCT

The defendant faces a total maximum penalty of twenty years' imprisonment, a $250,000 fine, three years to life of supervised release, forfeiture and a $100 special assessment.  As set forth in the presentence report ("PSR"), the defendant's total offense level is 17 and his imprisonment range is 30 to 37 months.[1]

III. Discussion

   III. Discussion

After the Supreme Court's holding in *United States v. Booker*, 543 U.S. 220, 243-245 (2005) rendered the Sentencing Guidelines advisory rather than mandatory, a sentencing judge is required to: "(1) calculate[] the relevant Guidelines range, including any applicable departure

---

[1] In the parties' plea agreement, the Government and defendant concluded that the defendant's total offense level was 15 with an imprisonment range of 24 to 30 months.

under the Guidelines system; (2) consider[] the Guidelines range, along with the other § 3553(a) factors; and (3) impose[] a reasonable sentence." *See United States v. Fernandez*, 443 F.3d 19, 26 (2d Cir. 2006); *United States v. Crosby*, 397 F.3d 103, 113 (2d Cir. 2005).  The § 3553(a) factors include: (1) "the nature and circumstances of the offense and history and characteristics of the defendant"; (2) the need for the sentence to serve various goals of the criminal justice system, including (a) "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment," (b) to accomplish specific and general deterrence, (c) to protect the public from the defendant, and (d) "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner"; (3) the kinds of sentences available; (4) the sentencing range set forth in the guidelines; (5) policy statements issued by the Sentencing Commission; (6) the need to avoid unwarranted sentencing disparities; and (7) the need to provide restitution to victims.  *See* 18 U.S.C. § 3553(a).

The Second Circuit reviews a sentence for reasonableness.  *See Rita v. United States*, 127 S. Ct. 2456, 2459 (2007).  The reasonableness standard is deferential and focuses "primarily on the sentencing court's compliance with its statutory obligation to consider the factors detailed in 18 U.S.C. § 3553(a)."  *United States v. Canova*, 412 F.3d 331, 350 (2d Cir. 2005).

In this case, the most significant § 3553(a) factors are the seriousness of the offense conduct, the personal characteristics of the defendant, the need for both specific and general deterrence and to provide the defendant with needed educational or vocational training, medical care and/or other correctional treatment.

As the offense conduct outlined in the PSR establishes, this case involves serious conduct. The defendant knowingly possessed a loaded firearm in connection with the distribution of

narcotics.  As such, the sentence imposed by the Court should reflect the seriousness of the offense, promote respect for the law and provide just punishment.

Moreover, the defendant has a criminal history involving the possession and distribution of narcotics, and as such, specific deterrence is a very real issue in this case.  Accordingly, the Court's sentence should send a message that the defendant's decision to engage in this criminal offense carries, and will continue to carry, very significant consequences.  Another key factor in this case is general deterrence. A significant sentence here will have an impact on other individuals who are faced with the decision of whether or not to engage in criminal activity such as the illegal possession of a firearm.  In sum, a substantial term of imprisonment at the top of the guidelines range is justified in light of the above.

V.      CONCLUSION

The Government respectfully requests that the Court impose a sentence consistent with the factors relevant to sentencing.

                Respectfully submitted,

                JOHN H. DURHAM
                UNITED STATES ATTORNEY

                */s/ Douglas P. Morabito*

                DOUGLAS P. MORABITO
                ASSISTANT UNITED STATES ATTORNEY
                Federal Bar No. CT20962
                157 Church Street; 23rd Floor
                New Haven, Connecticut   06510
                (203) 821-3810
                Douglas.morabito@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 7, 2020 a copy of the foregoing Government's Sentencing Memorandum was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ *Douglas P. Morabito*

DOUGLAS P. MORABITO
ASSISTANT UNITED STATES ATTORNEY
Federal Bar Number: CT20962
157 Church Street, 23rd Floor
New Haven, CT 06510
(203) 821-3700